## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF VERMONT

| | | |
|---|---|---|
| KURT ANDALL, | ) | |
|      *Movant,* | ) | |
| | ) | |
|   v. | ) | Crim. No. 5:13CR000130-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|      *Respondent.* | ) | |

## MOTION TO VACATE AND CORRECT SENTENCE UNDER 28 U.S.C. § 2255

### INTRODUCTION

Petitioner, Kurt Andall, through undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

On September 29, 2014, this Court sentenced Mr. Andall to a term of 79 months' imprisonment after finding that he was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  The Court found Mr. Andall to be a career offender after adopting the finding of the presentence report that his instant offense was a "controlled substance offense" and that he had at least two qualifying prior convictions that supported the career offender enhancement.

In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), Mr. Andall is no longer a career offender because his prior Vermont aggravated domestic assault conviction and New York attempted robbery conviction no longer qualify as "crimes of violence."

In *Johnson,* the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015).  It follows from *Johnson* that the identical residual clause in

1

the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness.  Thus, the only remaining question here is whether Mr. Andall's prior convictions qualify as "crimes of violence" under the "enumerated offenses" clause or "force" clause of the career offender provision (U.S.S.G. § 4B1.2(a)).  They do not qualify as "crimes of violence" under the enumerated offenses clause because neither is a generic burglary of a dwelling, arson, extortion, or use of explosives offense.  Likewise, they do not qualify as "crimes of violence" under the force clause because neither 1) has as an element the use, attempted use, or threat of violent physical force, and/or 2) require the *intentional* use, attempted use, or threatened use of violent physical force.

Hence, Mr. Andall does not qualify as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a).

Mr. Andall's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson*—a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Mr. Andall respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

As grounds for this motion, Mr. Andall states as follows:

## STATEMENT OF FACTS

On June 5, 2014, Mr. Andall pleaded guilty to count one of the superseding indictment charging Mr. Andall with conspiring to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 846; 841(a)(1), 841(b)(1)(b).  On September 29, 2014, this Court sentenced Mr. Andall to 79 months' imprisonment.  The Court found Mr. Andall to be a career offender after adopting the finding of the presentence report that he had at least

two prior convictions that qualified as "crimes of violence" necessary to support a career offender enhancement. Specifically, the Court found that Mr. Andalls's Vermont conviction for aggravated domestic assault and his New York attempted robbery conviction qualified as "crimes of violence" under the career offender provision.

The Court's application of the career offender enhancement subjected Mr. Andall to a Sentencing Guidelines range of 188 to 235 months' imprisonment (corresponding to offense level 31 and criminal history category VI). The Court sentenced Mr. Andall to 79 months' imprisonment.[1] Without a career offender finding, Mr. Andall's Guidelines range would have been 130-162 months' imprisonment (offense level 27, criminal history category VI).

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. The Court invalidated the ACCA's residual clause because it denied fair notice and invited arbitrary enforcement and was therefore void for vagueness under the Due Process Clause. Under *Johnson*, the identical residual clause in the career offender guideline is also void for vagueness. Thus, Mr. Andall's prior convictions no longer qualifies as a "crime of violence," and Mr. Andall is not a career offender.

## ARGUMENT

### I. IN LIGHT OF *JOHNSON*, MR. ANDALL DOES NOT QUALIFY AS A CAREER OFFENDER

A defendant is subject to the career offender guideline if his instant federal offense of conviction is either a "crime of violence" or a "controlled substance offense," and he has at least two such prior convictions. U.S.S.G. § 4B1.1. An offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it:

---

[1] This sentence was imposed after granting the government's motion for a variance to eliminate the enhancement for career offender and in anticipation of the proposed amendment to the Drug Quantity Table.

3

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the force clause]; or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the residual clause].

U.S.S.G. § 4B1.2(a) (emphasis added).

The Supreme Court held in *Johnson* that ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), which is identical to the residual clause referenced above, was unconstitutionally void for vagueness in all applications. It follows from *Johnson* that the identical residual clause in the Guidelines is also void for vagueness. Therefore, an offense can now only qualify as a "crime of violence" if it is either one of the enumerated offenses (burglary of a dwelling, arson, extortion, or use of explosives) or satisfies the force clause. Mr. Andall's convictions do not qualify as one of the enumerated offenses, nor do they satisfy the force clause. Therefore, Mr. Andall is no longer a career offender.

**A.**   ***Johnson* Renders the Career Offender Residual Clause Void for Vagueness**

Mr. Andall's Vermont aggravated domestic assault and New York attempted robbery convictions cannot qualify under § 4B1.1(a)(2)'s residual clause, defining a "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," because that clause is void for vagueness. In *Johnson*, the Supreme Court declared the identical residual clause of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)) to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The

Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).

*Johnson* applies to § 4B1.2(a)(2)'s residual clause. The career offender guideline's residual clause was adopted from and repeats the ACCA's residual clause verbatim.[2] Because § 4B1.2(a)(2)'s residual clause is identical to the ACCA's residual clause, the Second Circuit has interpreted the clauses identically.[3] *United States v. Mead*, 773 F.3d 429, 432 (2d Cir. 2014) ("In interpreting the reach of § 4B1.2(a)(2)'s residual clause, we

---

[2] *See* U.S.S.G., App. C, Amend. 268 (1989).

[3] In fact, every circuit has interpreted these clauses identically. *See United States v. Wray*, 776 F.3d 1182, 1184-85 (10th Cir. 2015) (because "[t]he 'crime of violence' definition set forth in the career-offender guideline, § 4B1.2, is virtually identical to the definition of 'violent felony' contained in the Armed Career Criminal Act (ACCA)[,] . . . [o]ur approach [] is guided by a line of Supreme Court cases interpreting the scope of § 924(e)(2)(B)") (citations omitted); *United States v. Boose*, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014) ("[W]e construe 'violent felony' under [the ACCA] and 'crime of violence' under the Guidelines as interchangeable, including the corresponding . . . residual clauses."); *United States v. Carthorne*, 726 F.3d 503, 511 n.6 (4th Cir. 2013) ("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under the Armed Career Criminal Act . . . as the two terms are defined in a substantively identical manner") (internal quotation marks and citation omitted); *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013) ("[W]e analyze a crime of violence under the career-offender guideline just as we do a 'violent felony' under the Armed Career Criminal Act (ACCA)"); *United States v. Vann*, 660 F.3d 771, 773 n.2 (4th Cir. 2011) (en banc) ("We routinely rely on decisions interpreting either of those enhancement provisions in ascertaining whether a prior conviction is a crime of violence under the Guidelines or a violent felony under the ACCA"); *United States v. Moore*, 635 F.3d 774 (5th Cir. 2011) ("Because of the similarities between . . . 4B1.2(a) . . . and 18 U.S.C. § 924(e), we treat cases dealing with these provisions interchangeably."); *United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010) ("We interpret coterminously the ACCA and the career offender § 4B1.1 provision."); *United States v. Coronado*, 603 F.3d 706, 709 (9th Cir. 2010) ("[B]ecause the language of both the ACCA and the [career offender] Guideline adopt the same 'serious risk of injury' test . . . the definitions should be interpreted similarly."); *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) ("[T]he residual clauses are identical[.] Accordingly, we look to the Supreme Court's opinions applying the ACCA . . . for guidance in considering whether an offense qualifies as a crime of violence under the Sentencing Guidelines."); *United States v. Willings*, 588 F.3d 56, 58 n.2 (1st Cir. 2009) ("[T]he terms 'crime of violence' under the career offender guideline and 'violent felony' under the ACCA are nearly identical in meaning, so that decisions construing one term inform the construction of the other."); *In re Sealed Case*, 548 F.3d 1085, 1089 (D.C. Cir. 2008) ("As this language mirrors the definition of a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i), we apply the ACCA standard to determine whether an offense qualifies as a crime of violence under section 4B1.2."); *Royce v. Hahn*, 151 F.3d 116, 120 (3d Cir. 1998) ("crime of violence" and "violent felony" "should be read consistently with each other").

employ a categorical approach, with an eye to case law interpreting an identical clause in the ACCA that defines 'violent felony.'").

In this very context, the courts of appeals have treated the Supreme Court's rejection of suggestions that the ACCA's residual clause was unconstitutionally vague in *James* and *Sykes* as binding authority foreclosing any vagueness challenge to the Guidelines' residual clause.[4]

Indeed, the Court in *Johnson* relied on four lower court decisions interpreting § 4B1.2(a)(2)'s residual clause (and only two ACCA decisions) to demonstrate that it "has proved nearly impossible" to "make sense of the residual clause." *See* 135 S. Ct. at 2559-60 (analyzing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)).  And the Court has vacated and remanded seventeen lower court decisions in which defendants had been

---

[4] *See, e.g.*, *United States v. Ramirez*, 708 F.3d 295, 307 n.13 (1st Cir. 2013) (rejecting vagueness challenge to the guidelines' residual clause in light of *James*); *United States v. Van Mead*, 773 F.3d 429, 438 n.7 (2d Cir. 2014) (Supreme Court "implicitly repudiated" any argument that the guidelines' residual clause was void for vagueness); *United States v. Mobley*, 687 F.3d 625, 632 n.7 (4th Cir. 2012) (vagueness challenge to Guidelines' residual clause must be rejected because "the Supreme Court has already determined that the residual clause . . . constitutes an intelligible principle [that] provides guidance that allows a person to conform his or her conduct to the law.") (internal quotations omitted); *United States v. Cowan*, 696 F.3d 706, 708 (8th Cir. 2012) ("based on Supreme Court precedent in *James* and *Sykes*, we conclude that Cowan's argument that § 4B1.2 is unconstitutionally vague necessarily fails"); *United States v. Spencer*, 724 F.3d 1133, 1137-78 (9th Cir. 2013) (claim that § 4B1.2(a)'s residual clause is unconstitutionally vague "foreclosed by Supreme Court precedent [in *James* and *Sykes*]"); *See United States v. Orona*, 724 F.3d 1297, 1311 (10th Cir. 2013) (holding the residual clause not impermissibly vague based on the "[Supreme] Court's consistent rejection of [the] vagueness argument [in *James* and *Sykes*] and the unanimous conclusion of our sibling circuits"); *United States v. Travis*, 747 F.3d 1312, 1314 n.1 (11th Cir. 2014) (vagueness challenge to guidelines' residual clause foreclosed by binding precedent" in *James*).

sentenced under § 4B1.2(a)'s residual clause, including five cases on collateral review, in light of *Johnson*.[5]

The Second, Third, Sixth, and Tenth Circuits have held that *Johnson* invalidates the identical language in the Guidelines.[6]  As the Tenth Circuit explained, "Given our reliance on the ACCA for guidance in interpreting § 4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA."[7]  The First, Fifth, and Ninth Circuits have applied *Johnson* to the Guidelines' residual clause based on the government's concession that it is unconstitutionally vague, and remanded for resentencing absent the unconstitutional residual clause.[8]  Consistent with these decisions, the Fourth Circuit has assumed that *Johnson* invalidates the Guidelines residual clause.[9]  The Seventh and Eighth Circuits, the only two that previously held that the Guidelines were not subject to

---

[5]  The GVRs (Supreme Court grants of certiorari and orders to vacate and remand) nclude fifteen career offender cases, *see Caldwell v. United States*, 136 S. Ct. 417 (2015); *Banks v. United States*, 136 S. Ct. 365 (2015); *McCarthren v. United States*, 136 S. Ct. 332 (2015); *Gonzales v. United States*, 136 S. Ct. 84 (2015); *Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Vinales v. United States*, 135 S. Ct. 2928 (2015); *Richardson v. United States*, No. 15-6053, 2016 WL 763200 (S. Ct. Feb. 29, 2016); *Moon v. United States*, No. 15-7189, 2016 WL 1173109 (S. Ct. Mar. 28, 2016); *Jeffries v. United States*, No 15-7300, 2016 WL 1173110 (S. Ct. Mar. 28, 2016); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (§ 2255 motion); *Denson v. United States*, 135 S. Ct. 2931 (2015) (§ 2255 motion); *Jones v. United States*, 135 S. Ct. 2944 (2015) (§ 2255 motion); *Jones v. United States*, 136 S. Ct. 333 (2015) (§ 2255 motion); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (§ 2255 motion); one § 2K2.1 case, *see Talmore v. United States*, 135 S. Ct. 2937 (2015); and one § 7B1.1 case, *see Cooper v. United States*, 135 S. Ct. 2938 (2015).

[6]  *United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015); *United States v. Pawlak*, __ F.3d __ (6th Cir. May 13, 2016); *United States v. Townsend,* __ F. App'x __, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015); *United States v. Welch*, No. 12-4402, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016).

[7]  *Madrid*, 805 F.3d at 1211.

[8]  *United States v. Soto-Rivera*, 811 F.3d 53, 59 (1st Cir. 2016); Order, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 27, 2015); *United States v.* Benavides, 617 F. App'x 790, 790 (9th Cir. 2015); Order, *United States v. Talmore*, No. 13-10650 (9th Cir. Aug. 24, 2015).

[9]  *United States v. Tucker*, __ F. App'x __, 2016 WL 212502, at *1 (4th Cir. Jan. 19, 2016) (affirming because even without the prior offense upon which the sentencing court relied, the defendant had been convicted of a drug offense that qualified as a crime of violence).

vagueness challenge, are poised to reject those holdings, and have assumed in the meantime that those decisions are no longer good law after *Johnson*.[10]  Only the Eleventh Circuit has held otherwise, and directed district courts to "still adhere" to decisions overruled by the Supreme Court in *Johnson*, *see United States v. Matchett*, 802 F.3d 1185, 1195-96 (11th Cir. 2015), notwithstanding that those decisions "have proved to be anything but evenhanded, predictable, or consistent," *Johnson*, 135 S. Ct. at 2563, and "do[] not comport with the Constitution's guarantee of due process," *id*. at 2560.

The Department of Justice has argued across the country that *Johnson* applies to the residual clause.  In a brief filed by the Criminal Division of the Appellate Section of the Department of Justice, the government conceded that *Johnson*'s constitutional holding regarding the ACCA's residual clause applies to the residual clause of the career offender guideline, § 4B1.2(a)(2), and to the other guidelines that incorporate that residual clause as well.[11]  United States Attorneys' Offices across the country have followed suit.[12]

---

[10]  The Eighth Circuit explained that its "reasoning in *Wivell* that the guidelines cannot be unconstitutionally vague . . . is doubtful after *Johnson*," but left for the district court to decide in the first instance on remand whether the guidelines' residual clause is unconstitutional. *United States v. Taylor*, 803 F.3d 931, 932 (8th Cir. 2015) (citing *Wivell v. United States*, 893 F.2d 156, 159 (8th Cir. 1990)).  The Seventh Circuit has assumed "that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2." *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015).  It heard oral argument on December 2, 2015 in three cases in which the parties agree that *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012), which held that the guidelines cannot be unconstitutionally vague, is no longer good law in light of *Johnson*. *United States v. Gillespie*, No. 15-1686; *United States v. Hurlburt*, No. 14-3611; *United States v. Rollins*, No. 13-1731.  The government argues in these cases that "the identical language [in § 4B1.2] is unconstitutionally vague under *Johnson*," that *Johnson* "rejected" *Tichenor's* view that sentencing provisions are not subject to vagueness challenges, and that *Peugh v. United States*, 133 S. Ct. 2072 (2013) "repudiated" its view that the advisory guidelines do not have legal force.  Brief of Plaintiff-Appellee at 9, 13-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015).

[11]  *See* Supp. Br. for United States at 6-10, *United States v. Pagan-Soto*, No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015).  In addition to the career offender Guideline, the Department of Justice concedes that *Johnson* applies to U.S.S.G. §§ 2K1.3 & cmt. n.2 (explosive materials); 2K2.1 & cmt. n.1 (firearms); 2S1.1 & cmt. n.1 (money laundering); 4A1.1(e), 4A1.2(p) (criminal history); 5K2.17 & cmt. n.1 (departure for semi-automatic firearms); and 7B1.1(a)(1) & cmt. n.2 (probation and supervised release).  Id. at 6.

Thus, Mr. Andall's convictions no longer qualify as a "crime of violence" under the now-void residual clause.

**B.**     <u>Mr. Andall's Convictions Do Not Qualify as "Crimes of Violence"</u>

    **1.**     **The Categorical Approach Applies in Determining Whether a Conviction Qualifies as a "Crime of Violence" Under the Force Clause**

In determining whether an offense qualifies as a "crime of violence" under the force clause, sentencing courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006). This approach requires that courts "look only to the statutory definitions— *i.e.*, the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (internal quotation marks and citation omitted); *Acosta*, 470 F.3d at 135. In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute—"including the most innocent conduct"—matches or is narrower than the "crime of violence" definition. *United*

---

[12] *See* Resp. Brief of the United States at 38, *In re Hubbard*, No. 15-276 (4th Cir. Dec. 21, 2015) ("*Johnson*'s holding that the ACCA residual clause is invalid applies to the identically worded residual clause in the [] career offender guideline"); Brief of the United States, at 38, *Lee v. United States*, No. 15-6099 (4th Cir. Dec. 23, 2015) ("*Johnson* applies to the career offender guideline's residual clause"); Letter Br. for United States, *United States v. Zhang*, No. 13-3410 (2d Cir. Aug. 13, 2015); Supp. Br. for United States, *United States v. Talmore*, No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015); Supp. Letter Br. the United States at 2-4, *United States v. Lee*, No. 13-10507 (9th Cir. Aug. 17, 2015); United States Supp. 28(j) Auth., *United States v. Smith*, No. 14-2216 (10th Cir. Aug. 20, 2015); Appellee's Supp. Br. at 3-10, *United States v. Madrid*, No. 14-2159, 2015 WL 4985890 (10th Cir. Aug. 20, 2015); Supp. Br. for Plaintiff-Appellee United States at 4-8, *United States v. Grayer*, No. 14-6294, 2015 WL 4999426 (6th Cir. Aug. 20, 2015); United States' Supp. Br. at 7-9, *United States v. Goodwin*, No. 13-1466, 2015 WL 4999435 (10th Cir. Aug. 21, 2015); Supp. Letter Br. for United States, *United States v. Matchett*, No. 14-10396 (11th Cir. Aug. 27, 2015); Supp. Letter Br. for United States, *United States v. Townsend*, No. 14-3652, 2015 WL 5112425 (3d Cir. Aug. 28, 2015); Br. of Plaintiff-Appellee at 8-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015); United States' Unopposed Motion to Remand for Resentencing in Light of *Johnson*, at 8-12, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 8, 2015).

*States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

As a result, post-*Descamps*, for an offense to qualify as a "crime of violence" under the elements clause, the offense must have as an element the use, attempted use, or threatened use of "physical force" against another person. U.S.S.G. § 4B1.2(a)(1). And "physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

As further detailed below, Mr. Andall's Vermont conviction for aggravated domestic assault and his New York conviction for attempted robbery in the second degree categorically fail to qualify as a career offender predicate.

> **2.     Mr. Andall's Prior Aggravated Assault Conviction Does Not Qualify as a Crime of Violence**

Mr. Andall's 2010 conviction for aggravated domestic assault was under a Vermont statute that provided:

> (a) A person commits the crime of second degree aggravated domestic assault if the person:
>> (1) commits the crime of domestic assault and such conduct violates:
>>> (A) specific conditions of a criminal court order in effect at the time of the offense imposed to protect that other person;
>>> (B) a final abuse prevention order was issued under section 1103 of Title 15;
>>> (C) an order against stalking or sexual assault issued under chapter 178 of Title 12; or
>>> (D) an order against abuse of a vulnerable adult issued under chapter 69 of Title 33.
>> (2) commits the crime of domestic assault; and
>>> (A) has a prior conviction with the last 10 years for violating an abuse prevention order issued under section 1030 of this title; or

10

(B) has a prior conviction for domestic assault under section 1042 of this
title.

13 V.S.A. § 1044.  Mr. Andall's conviction was under subsection (a)(2)(B), which simply
criminalizes committing a domestic assault having previously been convicted of domestic
assault.  Nothing in § 1044(a)(2)(B) has as an element the intentional use of violent force
as is required to qualify under the force clause.  *Johnson*, 559 U.S. at 140 (explaining that
force within the meaning of the ACCA (and the guidelines) is "violent force—that is, force
capable of causing physical pain or injury to another person" is required under the force
clause).

Nor, by incorporation, does Vermont's domestic assault statute, 13 V.S.A. § 1042,
have as an element the use of force.  Instead, § 1042 can be satisfied by recklessly causing
bodily injury or causing "a family or household member to fear imminent serious bodily
injury."  *Id.*  It is well established at this point that a mens rea of recklessness will preclude
a finding that a provision categorically has as an element the intentional use of physical
force.  *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (interpreting 18 U.S.C. § 16(a)'s almost
identically worded force clause and holding that the use of "physical force against the
person . . . of another [ ] most naturally suggests a higher degree of intent than negligent or
merely accidental conduct.").  Further, the relevant definitional provisions in 13 V.S.A.
§ 1021 also demonstrate that force is not an element of domestic assault.  Thus, while §
1021 defines "bodily injury" and "serious bodily injury" in such a way as to potentially
include some injuries that might satisfy the force requirement, these definitions also sweep
in "illness" and various "impairments" that would not.  *Id.* § 1021(1), (2).

Nor, does § 1044(2)(a)(B) categorically qualify as any of the enumerated offenses.
The elements of this offense require that an individual commit the crime of domestic

assault and after having a prior conviction for domestic assault. While "aggravated assault" is an enumerated offense from the commentary, *see* § 4B1.2 cmt. 1, none of the offenses described in this section qualify as a generic aggravated assault offense.[13]  Courts searching for a generic definition of aggravated assault have sometimes looked to the Model Penal Code's § 211.1(2).[14]  *United States v. McFalls*, 592 F.3d at 716–17 (6th Cir.2010). Vermont's domestic assault offense—which in addition to a prior conviction is all that is required to sustain a conviction under 13 V.S.A. § 1044(2)(a)(B)—does not categorically qualify as an aggravated assault using the Model Penal Code's definition.  Accordingly, Mr. Andall's 2010 conviction for aggravated domestic assault could only have qualified as a crime of violence under the residual clause, which has been struck down as unconstitutionally vague in both the ACCA and guideline settings.

### 3. Mr. Andall's Prior Attempted Robbery in the Second Degree Conviction Does Not Qualify as Crime of Violence

Mr. Andall also has a 2011 conviction for Attempted Robbery in the Second Degree under New York State law. New York State law provides:

> A person is guilty of robbery in the second degree when he forcibly steals property and when:
> 1. He is aided by another person actually present; or
> 2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
>     (a) Causes physical injury to another person who is not a participant in the crime; or

---

[13] Mr. Andall addresses the status of the offenses enumerated in § 4B1.2's commentary below in section I.B.4.

[14] Section 211.1(2) provides that:
> A person is guilty of aggravated assault if he:
> (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or
> (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.

(b) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or

3. The property consists of a motor vehicle, as defined in section one hundred twenty-five of the vehicle and traffic law.

N.Y. Penal Law § 160.10. Under New York law, a mere "attempt" offense does not qualify under the force clause because it has only two elements: (1) an intent to commit the substantive offense and (2) "conduct which tends to effect the commission of such crime." N.Y. Penal Law § 110.00. A conviction for "attempt" does not require the prosecution to prove beyond a reasonable doubt that the force offense involved the use, attempted use, or threatened use of physical force. "Essentially, [] an attempt is an act done with an intent to commit some other crime . . . Th[at] act need not be 'the final one towards the completion of the offense.'" *People v. Bracey*, 41 N.Y.2d 296, 299 -300 (1977). Liability is established so long as the defendant "engaged in conduct that came dangerously near [the] commission of the completed crime" with the requisite intent; the law does not "mandate that the defendant take the final step necessary to complete the offense." *People v. Naradzay*, 11 N.Y.3d 460, 466 (2008).

Further, the baseline definition of robbery in the second degree under New York State law requires that one "forcible steal[]" property. N.Y. Penal Law § 160.10.  New York State law defines robbery as "forcibly stealing" by means of "us[ing] or threaten[ing] the immediate use of physical force upon another person."  N.Y. Penal Law § 160.00. Importantly, the force required for a conviction under New York State robbery laws need not be "violent."  Instead, robbery in any form can be committed through the use of *de minimis* force.

Take, for example, the case of a defendant who commits robbery when he, together with his accomplices, forms a "human wall that block[s] the victim's path as the victim

13

attempt[s] to pursue someone who had picked his pocket." *People v. Bennett*, 631 N.Y.S.2d 834 (N.Y. App. Div. 1st Dep't 1995). *See also People v. Patton*, 585 N.Y.S. 431 (N.Y. App. Div. 1st Dep't 1992) ("By blocking the victim's passage, defendant aided in codefendant's retention of the property, and thereby participated in the robbery."). Robbery can also be committed in New York when a defendant bumps his victim, takes money, and flees while another forcibly blocks the victim's path, *see People v. Lee*, 602 N.Y.S.2d 138, 139 (N.Y. App. Div. 1st Dep't 1993), or when he takes property and engages in a brief tug-of-war over it, *see People v. Safon*, 560 N.Y.S.2d 552 (N.Y. App. Div. 4th Dep't 1990); *People v. Brown*, 663 N.Y.S.2d 539 (N.Y. App. Div. 1st Dep't 1997).

Courts have recently acknowledged this fact about New York robbery. For example, in *United States v. Moncrieffe*, __F.Supp.3d__, 2016 WL 913391 at *17 (E.D.N.Y. Mar. 10, 2016), Judge Weinstein observed that the "'forcibly stealing' element of an offense under New York Penal Law section 160.15, which is defined in the State's section 160.00 and is common to all New York robbery offenses, includes *de minimis* levels of force which do not fall within the federal definition of a "'crime of violence.'"

Other courts have found similarly worded robbery statutes in other jurisdictions also fail to satisfy the force clause. For example, the Fourth Circuit recently held that North Carolina robbery is not a "violent felony" because it can be committed by "a defendant's act of pushing the victim's hand off of a carton of cigarettes" or by "a defendant push[ing] the shoulder of an electronics store clerk, causing her to fall onto shelves." *United States v. Gardner*, __F.3d__, 2016 WL 2893881 at *7 (4th Cir. May 18, 2016). Such force, though "'sufficient to compel the victim to part with his property,'"

does not necessarily include the use, attempted use, or threatened use of force capable of causing physical pain or injury. *Id.* (citations omitted). Likewise, the D.C. Circuit has held that robbery in the District of Columbia is not a crime of violence. *In re Sealed Case*, 548 F.3d 1095, 1089-90 (D.C. Cir. 2008) (""[B]y defining 'force or violence' to include the minimal level of force necessary to obtain property 'by sudden or stealthy seizure or snatching,' the [D.C. robbery] statute covers offenses that fail to qualify as crimes of violence under section 4B1.2. . . . "[N]o one doubts that under the D.C. Code the 'force and violence' language could have been satisfied by a minimal level of force that would not qualify the offense as a crime of violence.") (citation omitted). *See also Robinson v. United States*, __F.Supp.3d__, 2016 WL 3059764 (E.D.Wis. May 24, 2016) (holding Wisconsin robbery does not satisfy force clause).

Therefore, Mr. Andall's conviction for attempted robbery in the second degree is no longer a crime of violence.

### 4.    The Commentary of § 4B1.2 Does Not Have Independent Force and Does Not Survive *Johnson*

The commentary to § 4B1.2 lists offenses that may qualify as a "crime of violence" including aggravated assault and robbery. However, the offenses enumerated in the commentary to § 4B1.2 are no more than illustrative of the type of offenses covered by the residual clause. Indeed, the Commission amendment adding the list of offenses outside the text of § 4B1.2(a) specifically noted the purpose of the amendment related to fleshing out the residual clause under 18 U.S.C. § 924(e). *See* U.S.S.G. Appendix C, amendment 268 (eff. Nov.1, 1989) & amendment 461 (eff. Nov.1, 1992).

Because *Johnson* invalidates the residual clause, the commentary listing aggravated assault and other offenses is invalidated as well and must be disregarded because it does

not interpret or explain any text of § 4B1.2 that continues to exist after *Johnson* (*i.e.*, "burglary of a dwelling, arson, or extortion, involves use of explosives,"), and it is inconsistent with the remaining text of the guideline requiring that an offense must include force as a necessary element.  This conclusion follows from the fact that Guidelines commentary is authoritative only if it is not inconsistent with the actual language of the guideline, which at all times remains controlling.  *Stinson v. United States*, 508 U.S. 36, 38 (1993).  Put another way, commentary may illuminate or illustrate a guideline's language but it may not expand its scope or alter its meaning.  *United States v. Soto-Rivera*, 811 F.3d 53, 60 (1st Cir. 2016) ("once shorn of the residual clause § 4B1.2(a) sets forth a limited universe of specific offenses that qualify as a "crime of violence." There is simply no mechanism or textual hook in the Guideline that allows us to import offenses not specifically listed therein into § 4B1.2(a)'s definition of 'crime of violence.'"); *United States v. Shell*, 789 F.3d 335 (4th Cir. 2015) ("§ 4B1.2 provides a separate two-part definition of crime of violence in its text, with the commentary serving only to amplify that definition, and any inconsistency between the two resolved in favor of the text").

Nor does it matter that the Sentencing Commission will have amended § 4B1.2 to add aggravated assault and other offenses to the enumerated clause.  If he is resentenced, Mr. Andall has an *Ex Post Facto* Clause right to not be sentenced under a Guideline regime that is more severe than what was in effect when the offense occurred.  *Peugh v. United States*, 133 S.Ct. 2072 (2013).  Because the residual clause and the commentary fleshing out the meaning of the residual clause are invalid under *Johnson*, Mr. Andall would have to be resentenced based solely on § 4B1.2 shorn of these provisions.  That is, based only on

whether his prior offenses qualify as crimes of violence under the remaining force and enumerated clauses.

## II.    MR. ANDALL'S CLAIM IS COGNIZABLE UNDER § 2255(a)

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a).  Mr. Andall's 79-month sentence was imposed in violation of the Constitution because it was predicated on the residual clause, the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563.  As demonstrated above, *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the identically worded residual clause in U.S.S.G. § 4B1.2(a).  Thus, Mr. Andall's claim for relief is cognizable under the plain language of § 2255(a).

This is all that is required.  Because Mr. Andall's sentence was imposed "in violation of the Constitution," 28 U.S.C. § 2255(a), the "fundamental defect" standard applicable to ordinary claims of statutory error does not apply.  Only a non-jurisdictional, non-constitutional error of law must constitute "a fundamental defect which inherently results in a complete miscarriage of justice" in order to be cognizable.  *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Davis v. United States*, 417 U.S. 333, 343-344 (1974); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011) ("The term

'miscarriage of justice' comes from the Supreme Court's holding that a non-jurisdictional, non-constitutional error of law is not a basis for collateral attack under § 2255 unless the error is 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted).

A claim based on *Johnson*, in contrast, is constitutional and therefore cognizable in a Guidelines case. *See Coleman v. United States*, 763 F.3d 706, 708 (7th Cir. 2014) (although an erroneous determination of an advisory guideline range "generally [is] not cognizable on a § 2255 motion," relief "is available" for "an error of constitutional . . . magnitude"); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (recognizing that "fundamental defect" standard does not apply to constitutional or jurisdictional error); Order, *Brown v. United States*, No. 15-10025 (11th Cir. Sept. 2, 2015) (granting certificate of appealability because although a claim that a defendant was misclassified as a career offender "is generally not cognizable" under circuit law applicable to errors of statutory interpretation, "*Johnson* involved a claim of constitutional error").

Because constitutional claims are always cognizable, and *Johnson*'s constitutional holding applies with equal force to the Guidelines' residual clause, Mr. Andall's *Johnson* claim is cognizable.

## III. *JOHNSON* APPLIES RETROACTIVELY ON COLLATERAL REVIEW

Under the retroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). The Supreme Court held in *Welch v. United States*, 136 S. Ct. 1257 (2016), that the new rule announced in *Johnson* is substantive and thus retroactive to cases on collateral review.

First, "[i]t is undisputed that *Johnson* announced a new rule." *Welch*, 136 S. Ct. at 1264 (citing *Teague*, 489 U.S. at 301) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final")); *see also Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) ("*Johnson* announces a new rule: it explicitly overrules the line of Supreme Court decisions that began with *Begay*, and it broke new ground by invalidating a provision of the ACCA."); *In re Watkins*, 810 F.3d 375, 380 (6th Cir. 2015) (same).

Second, the Supreme Court held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch*, 136 S. Ct. at 1268. The Court explained that "whether a new rule is substantive or procedural" is determined "by considering the function of the rule," *id*. at 1265, which "depends [] on whether the new rule *itself* has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons the law punishes," *id*. at 1266 (emphasis added).

Applying this test, the Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id*. at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). The Court concluded:

> The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that "even the use of impeccable factfinding procedures could not legitimate" a sentence based on that clause. It follows that *Johnson* is a substantive decision.

*Id*. (internal citation omitted). "By the same logic, *Johnson* is not a procedural decision" because it "had nothing to do with the range of permissible methods a court might use to

determine whether a defendant should be sentenced under the Armed Career Criminal Act," but instead "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id*.

Notably, the Court said nothing whatsoever to limit its holding or reasoning to ACCA cases. In fact, *Welch* made clear that the relevant "category" for retroactivity purposes is the "rule," not the kind of case in which it is invoked. The Court framed the question as whether the "new *rule* falls within one of the two *categories* that have retroactive effect under *Teague*," defined as "categories of *decisions*" that are "substantive *rules*" or "watershed *rules* of criminal procedure," *Welch*, 136 S. Ct. at 1264 (internal citations and quotation marks omitted) (emphases added). Accordingly, the substantive *rule* announced in *Johnson* is categorically retroactive to all cases in which it applies,[15] and, as demonstrated above, *Johnson* applies to the Guidelines. That *Johnson* applies retroactively to both ACCA and Guidelines cases on collateral review is further supported by the fact that the Supreme Court granted *certiorari* for the purpose of vacating and remanding in light of *Johnson* in five cases involving collateral attacks where the prisoner was sentenced under the Guidelines.[16]

---

[15]  *See Davis v. United States*, 564 U.S. 229, 243 (2011) (retroactivity is a "categorical matter"); *Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive] must be applied in . . . all federal habeas corpus proceedings."). *In Teague v. Lane*, 489 U.S. 288 (1989), the Court held that new rules must be applied retroactively to all "similarly situated" defendants. *Id*. at 316. Defendants are "similarly situated" when they are at the same stage of the proceedings and rely on the same new rule. *Id*. at 315.

[16]  *See Jones v. United States,* 136 S. Ct. 333 (2015) (vacating *Jones v. United States,* 597 F. App'x 1064 (11th Cir. 2015) (affirming denial of § 2255 motion))*; Denson v. United States*, 135 S. Ct. 2931 (2015) (vacating *Denson v. United States*, 569 F. App'x 710 (11th Cir. 2014) (same)); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (vacating *Beckles v. United States*, 579 F. App'x 833 (11th Cir. 2014) (same)); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (vacating order in *Wynn v. United States*, No. 13-4167 (6th Cir. Oct. 10, 2014) (same)); *Jones v. United States*, 135 S. Ct. 2944 (2015) (vacating order in *United States v. Jones*, No. 14-2882 (3d. Cir. Feb. 20, 2015) (denying

Indeed, every court of appeals that has decided the issue has held that new rules that narrow the ACCA's definition of "violent felony" by interpreting its terms apply retroactively to Guidelines cases on collateral review. *See United States v. Doe*, 810 F.3d 132, 154 & n.13 (3d Cir. 2015) (holding that *Begay v. United States*, 553 U.S. 137 (2008) applies retroactively in Guidelines cases, and noting that "[u]nder *Teague*, either a rule is retroactive or it is not"); *Narvaez v. United States*, 674 F.3d 621, 625-26 (7th Cir. 2011) (holding that *Begay* and *Chambers v. United States*, 555 U.S. 122 (2009) are "substantive decisions that 'prohibit[] a certain category of punishment for a class of defendants because of their status or offenses,'" and thus apply retroactively in Guidelines cases); *Brown v. Caraway*, 719 F.3d 583, 594–95 (7th Cir. 2013) (same); *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011) (holding that decision limiting the definition of burglary under the ACCA is substantive because "it altered the conduct that substantively qualifies as  burglary," and thus applies retroactively in Guidelines cases); *Rozier v. United States*, 701 F.3d 681 (11th Cir. 2012) (taking it "as a given, that the Supreme Court's" decision narrowing the ACCA's elements clause "is retroactively applicable" in Guidelines cases).[17]

Most courts of appeals have followed the same approach regarding the rule announced in *Johnson*.  The Fifth Circuit has authorized second or successive § 2255 motions in Career Offender cases because "*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review."  *In*

---

certificate of appealability to appeal denial of § 2255 motion)).

[17] *Cf. United States v. McLamb*, 1996 WL 79438, at *3 n.4 (4th Cir. 1996) ("*Teague* does not bar the retroactive application on collateral review of a decision concerning the reach of a federal statute, or as here, a sentencing guideline."); *Oliver v. United States*, 90 F.3d 177, 179 & n.2 (6th Cir. 1996) (holding that decision requiring courts to calculate guideline range based on actual weight of harvested marijuana plants was "not barred by *Teague*" because it did not announce a "rule of criminal procedure").

*re Holston*, No. 16-50213 (5th Cir. May 17, 2016) (citing *Welch*, 136 S. Ct. at 1268); *see also In re Rodriguez*, No. 16-10393 (5th Cir. May 17, 2016). The Sixth Circuit held in an ACCA case that *Johnson* announced a substantive rule that is "categorically retroactive" to cases on collateral review, *see In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015), then authorized second or successive § 2255 motions in Career Offender cases because *Johnson* announced "a new, retroactively applicable, rule of constitutional law." *In re Grant*, No. 15-5795, slip op. at 2 (6th Cir., March 7, 2016); *see also In re Swain*, No. 15-2040, slip op. at 3-4 (6th Cir. Feb. 22, 2016); *United States v. Ruvalcaba*, No. 15-3913 (6th Cir. March 24, 2016); *In re Homrich*, No. 15-1999, slip op. at 2-3 (6th Cir. March 28, 2016). The Seventh Circuit held in an ACCA case that *Johnson* "announced a new substantive rule" that is "categorically retroactive," *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015), then authorized numerous second or successive § 2255 motions in Guidelines cases because "*Johnson* announced a new substantive rule of constitutional law" that is "categorically retroactive." *Stork v. United States*, No. 15-2687, slip op. at 1 (7th Cir. Aug. 13, 2015); *see also, e.g.*, *Best v. United States*, No. 15-2417, slip op. at 1–2 (7th Cir. Aug. 5, 2015); *Swanson v. United States*, No. 15-2776, slip op. at 1 (7th Cir. Sept. 4, 2015); *Zollicoffer v. United States*, No. 15-3125, slip op. at 1 (7th Cir. Oct. 20, 2015); *Spells v. United States*, No. 15-3252, slip op. at 1 (7th Cir. Oct. 22, 2015). The Tenth Circuit has authorized second or successive § 2255 motions in Career Offender cases because "[t]he Supreme Court recently made *Johnson*'s holding retroactive to cases on collateral review in *Welch*." *In re Encinias*, __ F.3d__, 2016 WL 1719323, at *2 (10th Cir. Apr. 29, 2016);

*see also In re Bloomgren*, No. 16-8039 (10th Cir. May 9, 2016); *In re Daniels*, No. 16-3093 (10th Cir. May 6, 2016); *In re Anderson*, No. 16-7038 (10th Cir. May 17, 2016).[18]

*Johnson* applies retroactively to ACCA and Guidelines cases alike and therefore to this case.

## IV.    THIS MOTION IS TIMELY UNDER 28 U.S.C. § 2255(f)(3)

This motion is also timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Andall's filed his claim within a year of that date.  As discussed above, the Supreme Court recognized a new right in *Johnson*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

## CONCLUSION

For the reasons set forth above, Mr. Andall respectfully asks this Court to vacate his sentence and schedule a new hearing so that he can be re-sentenced without application of the career offender provision.

---

[18] The Eleventh Circuit held in a Guidelines case that *Johnson* is substantive because it "narrowed the class of people who are eligible for an increased sentence under the [ACCA]," *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015), and noted that if petitioner were "seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively," *id*. at 991, but held that the Supreme Court had not "made" *Johnson* retroactive for purposes of a second or successive motion, *id*. at 989-90.  After *Welch* overruled its holding that the Supreme Court had not "made" *Johnson* retroactive, the Eleventh Circuit, over dissent, denied a second or successive motion in a *pro se* case because *Johnson* would be "procedural" as-applied to the Guidelines.  *In re Cantillo*, No. 16-11468, slip op. at 9-11 (11th Cir., May 2, 2016); *but see id*. at 19-21 (Martin, J., dissenting).  The Eighth Circuit denied a successive motion in a pre-*Welch* order based on the government's argument in a *pro se* case that an "extension of the rule in *Johnson* would not be a new substantive rule."  *Richardson v. United States*, 623 F. App'x 841 (8th Cir. Dec. 16, 2015).

Dated at Burlington, Vermont this 24th day of June, 2016.

MICHAEL L. DESAUTELS
Federal Public Defender

By: */s/ Elizabeth K. Quinn*
Elizabeth K. Quinn
Assistant Federal Public Defender

Office of the Federal Public
Defender District of Vermont
126 College Street, Suite 410
Burlington, Vermont 05401
(802) 862-6990
Counsel for Kurt Andall

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| KURT ANDALL, | ) | |
|      *Movant,* | ) | |
| | ) | |
| v. | ) | Crim. No. 5:13CR000130-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|      *Respondent.* | ) | |

## CERTIFICATE OF SERVICE

This is to certify that on the 24th day of June, 2016, I filed this MOTION TO VACATE AND CORRECT SENTENCE UNDER 28 U.S.C. § 2255 with the Clerk of the Court. I further certify that I have sent a copy of this filing to Wendy Fuller, Assistant United States Attorney, via Wendy.Fuller@usdoj.gov.

Dated at Burlington, Vermont this 24th day of June, 2016.

MICHAEL L. DESAUTELS
Federal Public Defender

By: */s/ Elizabeth K. Quinn*
    Elizabeth K. Quinn
    Assistant Federal Public Defender

    Office of the Federal Public
    Defender District of Vermont
    126 College Street, Suite 410
    Burlington, Vermont 05401
    (802) 862-6990
    Counsel for Kurt Andall